```
                        United States District Court
                        District of Massachusetts
```

```
_____
                               )
CHARLES FREEMAN and DANIELLA    )
FREEMAN,                        )
        Plaintiffs,             )
                                )    Civil No.
        v.                      )    11-10432-NMG
                                )
TOWN OF HUDSON, HUDSON POLICE   )
DEPARTMENT, HUDSON CONSERVATION )
COMMITTEE, MASSACHUSETTS        )
DEPARTMENT OF ENVIRONMENTAL     )
PROTECTION, THOMAS CRIPPEN,     )
DAVID STEPHENS, RICHARD BRAGA,  )
DEBBIE CRAIG, PAUL BYRNE, DAVID )
ESTEVES, JEFF WOOD, THOMAS      )
THORBURN and JOSEPH BELLINO,    )
        Defendants.             )
_____)
```

**MEMORANDUM & ORDER**

**GORTON, J.**

On February 16, 2012, Magistrate Judge Jennifer Boal issued a Report and Recommendation ("R&R") recommending that this Court dismiss the plaintiffs' federal claims and decline to exercise supplemental jurisdiction over the pendant state-law claims. This Court finds the R&R to be thorough and well-reasoned and, accordingly, accepts and adopts it in its entirety. This supplemental memorandum responds to the parties' several objections to the R&R.

## I.  Background

The Complaint, which consists of 191 paragraphs and is supported by 82 pages of exhibits, alleges state and federal claims against the Town of Hudson, municipal and state agencies and nine employees of those agencies. According to the plaintiffs, the defendants are liable under 42 U.S.C. § 1983 for violating their federal constitutional rights to equal protection and substantive due process.

Plaintiffs' "class of one" equal protection claims are predicated on allegations that the defendants treated them differently than their similarly situated neighbors and townspeople with the intent to cause them economic harm and emotional distress. According to the plaintiffs, conservation laws, zoning ordinances and permit regulations were strictly enforced against them but ignored when their neighbors engaged in similar conduct. When plaintiffs built a treehouse on part of their property designated as conversation land, they were ordered to remove it but when neighbors built their swimming pool within a conservation buffer zone and planted trees without a permit, the Hudson Conservation Commission took no action. Similarly, local ordinances prohibiting signs on personal property and the installation of video surveillance systems without a license were enforced against the plaintiffs but only rarely, to the plaintiffs' knowledge, against others.

Plaintiffs' substantive due process claims are based on alleged abuses of authority and conscience-shocking conduct of certain members of the Hudson Police Department and Conservation Commission. Plaintiffs contend that the Conservation Commission arbitrarily rejected proposed improvements to their property and threatened to levy gratuitous fines against them. Moreover, they aver that certain Hudson police officers conspired to frame Mr. Freeman for a crime he did not commit. Although the criminal complaint was later dismissed, Mr. Freeman claims that it damaged his reputation and caused him considerable distress.

Plaintiffs have also included state-law claims against the defendants for abuse of process, intentional infliction of emotional distress, defamation and violation of the Massachusetts Civil Rights Act.

All in all, plaintiffs portray a concerted effort by Hudson citizens, officials and agencies to make their lives miserable.

## II. Analysis

The Court declines the parties' invitations to rehearse the various and sundry legal issues already capably addressed by Magistrate Judge Boal. Rather than delve into their specific objections, many of which have been anticipated by the R&R, the Court will respond more conceptually.

To begin, the Court wishes to dispel plaintiffs' apparent impression that their federal claims are being dismissed because

the underlying allegations are not serious enough to merit further attention.[1]  By concluding that plaintiffs' federal claims are not of a constitutional dimension, the Court does not pass judgment on the gravity or credibility of the plaintiffs' allegations, nor does it condone the defendants' alleged conduct which, if true, is deplorable.  The Court merely acknowledges that the alleged mistreatment, while potentially actionable under state law, does not give rise to a violation of the United States Constitution.

The First Circuit Court of Appeals has made it very clear that officials of state and local agencies, such as the Massachusetts Department of Environmental Protection and the Hudson Conservation Commission, do not violate the Equal Protection or Due Process Clauses even when their actions are misguided, ill-intentioned or made in violation of their statutory authority. See Nestor Colon Medina & Sucesores, Inc., v. Custodio, 964 F.2d 32, 44-45 (1st Cir. 1992) ("[W]e have consistently held that the due process clause may not ordinarily be used to involve federal courts in the rights and wrongs of local planning disputes."); Cordi-Allen v. Conlon, 494 F.3d 245,

---

[1] See Pl.'s Obj. at 6: "Suffice it to say that our society has truly sunk into a sad state of affairs if police knowingly frame an innocent man, file false police reports, and create false evidence while pursuing this charade for 18 months against the innocent, and such conduct is not considered 'horrendous,' 'sufficiently shocking,' or 'conscience shocking.' "

250-55 (1st Cir. 2007) ("The 'similarly situated' requirement must be enforced with particular rigor in the land-use context because zoning decisions will often, perhaps almost always, treat one landowner differently from another."); Amsden v. Moran, 904 F.2d 748, 757-58 (1st Cir. 1990) ("[S]ection 1983 is not a panacea for every remonstrant disappointed . . . by his treatment at the hands of a state agency.").

The First Circuit has likewise emphasized that state-law malicious prosecution claims do not become actionable under federal law merely because they are "garbed in the regalia of § 1983." Roche v. John Hancock Mut. Life Ins. Co., 81 F.3d 249, 256 (1st Cir. 1996); see also Nieves v. McSweeney, 241 F.3d 46, 53-54 (1st Cir. 2001) ("[S]ubstantive due process may not furnish the constitutional peg on which to hang a federal malicious prosecution tort."). Again, the Court does not take lightly plaintiffs' allegations that the defendants conspired to frame Mr. Freeman for a crime he did not commit. It merely reports the prevailing law that claims arising out of such allegations must be adjudicated in a different forum.

Involvement of the federal courts in such local disputes would jettison "any hope of maintaining a meaningful separation between federal and state jurisdiction," Creative Env'ts, Inc. v. Estabrook, 680 F.2d 822, 831 (1st Cir. 1982), and would "insinuate the oversight and discretion of federal judges into areas

traditionally reserved for state and local tribunals," Nestor Colon Medina, 964 F.2d at 44-45.  Federal intervention is particularly inappropriate where, as here, the "panoply of state remedies" is more than sufficient to safeguard the rights of the plaintiffs "to a point well above the constitutional minimum." Amsden, 904 F.2d at 757-58.

The Court will also comment upon Magistrate Judge Boal's recommendation that this Court decline to exercise supplemental jurisdiction over the pendant state-law claims.  Defendants propose, instead, that the Court exercise supplemental jurisdiction over those claims and dismiss them with prejudice on the grounds that they are "baseless" and "conclusory."

As Magistrate Judge Boal explained in the R&R, the dismissal of federal claims which form the basis for a district court's original jurisdiction does not automatically divest the court of its supplemental jurisdiction over pendant state-law claims but does require the court to assess pragmatically whether retaining jurisdiction is in the interest of "fairness, judicial economy, convenience, and comity." Camelio v. Am. Fed'n, 137 F.3d 666, 672 (1st. Cir. 1998).

On the whole, the balance of competing factors weighs against the exercise of supplemental jurisdiction in this case. First, dismissal of state-law claims without prejudice is the baseline rule where, as here, the foundational federal claims are

dismissed at an early stage in the litigation. Id.  Second, while some of the hostilities described in the Complaint appear to be petty and precipitated, at least in part, by the plaintiffs' own vexatiousness, many of the allegations are serious and supported by some documentary evidence.  This is not an instance in which the exercise of supplemental jurisdiction is warranted to dispose of frivolous claims. E.g., Wright v. Assoc'd Ins. Cos., 29 F.3d 1244, 1251-53 (7th Cir. 1994).  Third, and most importantly, the motivating factor for dismissal of the federal claims is the established policy that the underlying allegations are beyond the purview of the federal courts.  The purpose served by dismissal of the federal claims would be undermined were the Court to proceed to exercise supplemental jurisdiction over the state-law claims.

**ORDER**

In accordance with the foregoing, the Report and Recommendation (Docket No. 36) is hereby **ACCEPTED** and **ADOPTED**. Counts I, II and IV have been withdrawn by the plaintiffs and are dismissed accordingly.  The § 1983 claim asserted in Count III is dismissed with prejudice for the reasons set forth in the R&R. Having dismissed the federal claims, the Court declines to exercise supplemental jurisdiction over Counts V through VIII, which recite state-law claims for abuse of process, intentional infliction of emotional distress, defamation and violation of the Massachusetts Civil Rights Act.  Those claims are dismissed

without prejudice and may be reasserted in a state court of proper jurisdiction.

**So ordered.**

/s/ Nathaniel M. Gorton<br>
Nathaniel M. Gorton<br>
United States District Judge

Dated March 15, 2012